UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| In re: | ) |
| | ) |
| HANH V. TRAN | ) Case No. 10-10589-SSM |
| VI HUYNH | ) Chapter 13 |
| | ) |
| Debtors | ) |

**MEMORANDUM OPINION**

Before the court is the objection of Patent and Trademark Office Federal Credit Union ("PTO FCU") to confirmation of the modified plan filed by the debtors on March 8, 2010. That plan proposes, among other things, the filing of a separate adversary proceeding to "strip-off" PTO FCU's second deed of trust against the debtors' residence. Because the issue raised by the objection is premature, the plan will be provisionally confirmed, conditioned upon an ultimate judgment in the debtors' favor in the adversary proceeding they propose to file.

Background

Hanh V. Tran and Vi Huynh are husband and wife. On January 26, 2010, they filed a voluntary petition in this court for adjustment of their debts under chapter 13 of the Bankruptcy Code. Among the assets listed on their schedules is their residence at 9036 Fox Grape Lane, Springfield, Virginia, which they valued at $246,125, subject to a first deed of trust in favor of BAC Home Loans in the amount of $274,584, a second deed of trust in favor of PTO FCU in the amount of $127,497, and delinquent home owner association dues in the amount of $5,000. After the trustee objected to their first proposed plan, the debtors filed the modified plan that is currently before the court. The plan requires the debtors to pay the chapter 13 trustee $804.56

1

per month for 60 months. After payment of the trustee's commission, compensation to the debtor's attorney, arrears on the first deed of trust, and delinquent home owner association dues, the estimated distribution to unsecured creditors is 7 cents on the dollar. Relevant to the present objection, the plan—which conforms to the standard form of chapter 13 plan and related motions required in this district by Local Bankruptcy Rule 3015-2(A)—provides as follows:

> **7. Liens Which Debtor(s) Seek to Avoid.**
> * * *
> **B. Avoidance of security interests or liens on grounds other than 11 U.S.C. § 522(f).** The debtor(s) have filed or will file and serve separate pleadings to avoid the following liens or security interests. The creditor should review the notice or summons accompanying such pleadings as to the requirements for opposing such relief. *The listing here is for information purposes only*.
>
> | | |
> |---|---|
> | Creditor | P&T FCU |
> | Type of Lien | 2d Deed of Trust |
> | Description of Collateral | 9036 Fox Grape Lane |
> | Basis for Avoidance | 11 USC 506(a)(d), 1322(b)(2) |

(emphasis added; columnar listing reformatted). PTO FCU filed a timely objection to confirmation.

## Discussion

PTO FCU objects to confirmation on the ground that a deed of trust against a debtor's principal residence cannot be modified in chapter 13. The plan itself, however, merely gives *notice* of an intended strip-off. As a result, confirmation, standing alone, would not result in the avoidance or removal of PTO FCU's lien. Nevertheless, PTO FCU asserts that confirmation is inappropriate because the proposed strip-off of its deed of trust—whether accomplished through the plan or in a separate proceeding—is simply not permissible under § 1322(b)(2) of the Bankruptcy Code and the Supreme Court's decision in *Nobelman v. American Savings Bank*, 508 U.S. 324, 113 S.Ct. 2106, 124 L.Ed.2d 228 (1993).

As a general proposition, a chapter 13 plan may bifurcate a nominally-secured debt into a secured claim equal to the value of the collateral and an unsecured claim for the balance. § 506(a), Bankruptcy Code. However, a loan secured only by a security interest in the debtor's principal residence cannot be modified. *Id.* § 1322(b)(2). As a result, although payment defaults may be cured over a "reasonable period" of time, *id.* § 1322(a)(5), the Supreme Court has held that a chapter 13 plan cannot bifurcate a mortgage debt on a debtor's principal residence. *Nobelman*, 508 U.S. at 331, 133 S.Ct. at 2111. However, although neither the Supreme Court nor the Fourth Circuit have yet to rule on the issue,[1] most courts—including the District Court for this district—have held that a mortgage debt that is not supported by <u>any</u> value, such as a second deed of trust against property that is worth less than the amount owed on the first deed of trust—can be stripped-off in chapter 13 and the debt treated as unsecured. *See, e.g., Wright v. Commercial Credit Corp. (In re Wright)*, 178 B.R. 703 (E.D. Va. 1995), *appeal dismissed*, 77 F.3d 472 (4th Cir. 1996); *Flowers v. FirstPlus Financial, Inc. (In re Flowers)*, No. 98-11492, 1999 WL 118022 (Bankr. E.D. Va. Jan, 14, 1999) (discussing issue and collecting cases); *Dean v. LaPlaya Investments, Inc. (In re Dean)*, 319 B.R. 474, 476 (Bankr. E.D. Va. 2004); *First Mariner Bank v. Johnson*, 411 B.R. 221 (D. Md. 2009); *Johnson v. Asset Mgt. Group, LLC*, 226 B.R. 364 (D. Md. 1998); *Bartree v. Tara Colony HOA (In re Bartree)*, 212 F.3d 277, 280 (5th Cir. 2000) ("the Bankruptcy Code's antimodification provisions do not protect secondary lienholders whose interest is not supported by at least some value in the debtor's principal

---

[1] The issue is currently before the Fourth Circuit in two cases. *First Mariner Bank v. Johnson*, No. 09-2205, on appeal from *First Mariner Bank v. Johnson*, 411 B.R. 221 (D. Md. 2009); *SunTrust Bank v. Millard*, No. 09-2266, on appeal from *SunTrust Bank v. Millard,* 414 B.R. 73 (D. Md. 2009).

3

residence."); *Pond v. Farm Specialist Realty (In re Pond)*, 252 F.3d 122, 126-27 (2nd Cir. 2001); *Lam v. Investors Thrift (In re Lam)*, 211 B.R. 36, 40-41 (B.A.P. 9th Cir. 1997); *In re Geyer*, 203 B.R. 726, 729 (Bankr. S.D. Cal. 1996); *In re Lee*, 177 B.R. 715, 716 (Bankr. N.D. Ala. 1995); *In re Kidd*, 161 B.R. 769, 770-71 (Bankr. E.D.N.C. 1993). This position also finds support in a leading treatise. 8 Collier on Bankruptcy ¶ 1322.06[1][a][i], at 1322-25 (15th ed. rev. 2007) ("The Nobelman opinion strongly suggests, however, that if a lien is completely undersecured, there would be a different result. . . . If the creditor has held a lien on property that had no value (perhaps because the property was fully encumbered by prior liens), then under [the Nobelman] analysis, the creditor would not have been a 'holder of a secured claim' entitled to protection by section 1322(b)(2).").

There are, to be sure, lower court opinions from other circuits holding that § 1322(b)(2) trumps § 506(a) even when the claimed security interest might otherwise be thought illusory, and that under *Nobelman* a debtor is prohibited from stripping off even a wholly unsecured mortgage against the debtor's principal residence. *See, e.g., Lewandowski v. U.S. Dep't of Housing and Development (In re Lewandowski)*, 219 B.R. 99 (Bankr. W.D. Pa. 1998); *Fraize v. Beneficial Mortgage Corp. of N.H. (In re Fraize)*, 208 B.R. 311, 313 (Bankr. D. N.H. 1997); *Barnes v. American General Finance (In re Barnes)*, 207 B.R. 588, 593 (Bankr. N.D. Ill. 1997); *In re Jones*, 201 B.R. 371 (Bankr. D. N.J. 1996); *In re Barnes*, 199 B.R. 256 (Bankr. W.D. N.Y. 1996); *In re Hughes*, 402 B.R. 325 (Bankr. D. Minn. 2009). None of those decisions, however, are binding on this court. But in any event, since the plan that is currently before the court does not itself purport to strip-off PTO FCU's deed of trust but only gives notice of the debtors' intent to bring a separate adversary proceeding for that purpose, confirmation is not the appropriate

context for resolving the issue.  Suffice it to observe that when and if such a proceeding is filed,[2] PTO FCU will have a full and fair opportunity to contest not only the debtors' valuation of the property and the balance due on any superior encumbrances, but also the legal issue of whether under *Nobelman* the PTO FCU deed of trust can be stripped off at all, whatever its economic value.  Fur the purpose of confirming the plan, it is sufficient that there is respectable authority, including the prior decisions of this court, supporting a chapter 13 debtor's ability to strip off a wholly unsecured deed of trust.

     A separate order will be entered provisionally confirming the debtors' plan, conditioned on the filing of an adversary proceeding and a judgment in the debtors' favor.  If an adversary proceeding is not filed, or does not result in a judgment avoiding the PTO FCU deed of trust as wholly unsecured, confirmation will be revoked.

Date: _____            _____
                                        Stephen S. Mitchell
Alexandria, Virginia                    United States Bankruptcy Judge

---

[2] PTO FCU is correct, however, that the treatment of its claim should not be held in limbo for an unreasonable period of time. Accordingly, the court will require that the adversary proceeding be filed within 30 days of the entry of the confirmation order.

Copies to:

Carmen A. Jacobs, Esquire
127371 Directors Loop
Woodbridge, VA 22192
Counsel for Patent and Trademark Office Federal Credit Union

Alfred Lawrence Toombs, Esquire
8957 Edmonston Road, Suite A
Greenbelt, MD 20770-4044
Counsel for Patent and Trademark Office Federal Credit Union

Neil Spencer Welles, Esquire
The Lilly Law Group, PC
10195 Main St. Ste I
Fairfax, VA 22031
Counsel for the debtors

Hanh V. Tran
Vi Huynh
9036 Fox Grape Lane
Springfield, VA 22152
Debtors

Thomas P. Gorman, Esquire
300 N. Washington St., Suite 400
Alexandria, VA 22314
Chapter 13 Trustee